UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GENE MAYFIELD,<br><br>                         Petitioner,<br>     v.<br>L.S. McEWEN, Warden<br>                         Respondent. | Civil No.   10-2024 BTM (AJB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

      Petitioner, a state prisoner proceeding pro se, has filed a document entitled "Motion for Court Order for Enlargement & Permission to Make More Than 100 Copies of Exhibits at Calipatria State Prison Law Library." (*See* doc. no. 1.) Petitioner asks this Court "for [an order] against Calipatria State Prison & litigation coordinator . . . to allow Petitioner to copy more [than] a hundred pages of exhibits pertaining to . . . a parole denial." (*Id.* at 1.) He references case numbers from a Superior Court, a California Appellate Court and the California Supreme Court in the caption of the document. In the body of the document, Petitioner states he wants to copy more than one hundred pages relating to a parole denial decision which, it appears, he wishes to challenge in this Court. Petitioner states, however, that he cannot file an action because, as of December 24, 2009, the California Department of Corrections and Rehabilitation Operations Manual (CDCROM), section 101120.15, states in pertinent part as follows:

> Requests by an inmate to duplicate a legal document exceeding 50 pages in length shall be granted when accompanied by a reasonable written explanation of the

> need. *In no event shall staff be required to duplicate a legal document exceeding 100 pages in the absence of a court order directing the duplication.*

(CDCROM at section 101120.15) (emphasis added.)

Petitioner has not filed a Petition for writ of habeas corpus in this action. Therefore, unless Petitioner is a capital prisoner, he has not initiated habeas proceedings in this Court. *Calderon (Nicolaus) v. United States District Court*, 98 F.3d 1102, 1107 n. 3 (9th Cir. 1996) (stating that "[u]nlike non-capital prisoners who initiate habeas proceedings by filing a petition for a writ of habeas corpus, capital prisoners commence federal habeas proceedings by filing a request for appointment of counsel"); *McFarland v. Scott*, 512 U.S. 849 (1994). Petitioner does not contend that he is a capital prisoner, that is, a prisoner under sentence of death, and there is nothing in the documents he has submitted which indicates that he is a capital prisoner.

Petitioner is advised that if he is seeking to challenge a parole denial in this Court via 28 U.S.C. § 2254, he must file a habeas corpus petition. Once a habeas corpus action pursuant to 28 U.S.C. § 2254 has been initiated, Petitioner may renew his motion for a court order permitting the copying of the excess pages.[1]

---

[1] Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).
 The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion is **DENIED** without prejudice. **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK HABEAS CORPUS PETITION FORM (28 U.S.C. § 2254) TOGETHER WITH A COPY OF THIS ORDER.**

**IT IS SO ORDERED.**

DATED: October 8, 2010

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge